IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| In Re Ocean State Fitness Incorporated d/b/a Powerhouse Gym, 3751 Mendon Road, Cumberland, Rhode Island | ) MISC Misc. No. 05 0080 |

**GOVERNMENT'S EX PARTE APPLICATION FOR**
**PRE-INDICTMENT TEMPORARY RESTRAINING ORDER**

Now comes the United States of America, by and through its attorneys, and applies to this Court, pursuant to 21 U.S.C. § 853(e)(2), for the entry of a ten-day temporary restraining order against Kenneth Peckham to preserve the business known as Ocean State Fitness Incorporated (a/k/a R.I. Fitness) d/b/a Powerhouse Gym, 3751 Mendon Road, Cumberland, Rhode Island, that is potentially subject to forfeiture pursuant to 21 U.S.C. § 853.

In support of this application, the government submits the affidavit of Food and Drug Administration Special Agent Jason Simonian and the accompanying memorandum of law.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
Assistant U.S. Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In Re Ocean State Fitness | ) | |
| Incorporated d/b/a Powerhouse Gym, | ) | Misc. No. |
| 3751 Mendon Road, Cumberland, | ) | |
| Rhode Island | ) | |

**MEMORANDUM IN SUPPORT OF GOVERNMENT'S EX PARTE APPLICATION FOR PRE-INDICTMENT TEMPORARY RESTRAINING ORDER**

1. Pursuant to 21 U.S.C. § 853 (e)(1), this Court is authorized to enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture.

2. In order to assure the availability of property for forfeiture upon conviction, 21 U.S.C. § 853(e)(2), provides the mechanism for the issuance of an *ex parte* pre-indictment temporary restraining order. Section 853(e)(2) provides:

> A temporary restraining order under this subsection may be entered upon application of the United States without notice or opportunity for a hearing when an information or indictment has not yet been filed with respect to the property, if the United States demonstrates that there is probable cause to believe that the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture under this section and that provision of notice will jeopardize the availability of the property for forfeiture. Such a temporary order shall expire not more than 10 days after the date on which it is entered, unless extended for good cause shown or unless the party against whom it is entered consents to an extension for a longer period. . .

Pre-trial restraint of assets under 21 U.S.C. § 853(e)

has been approved by the United States Supreme Court and the United States Court of Appeals for the Eleventh Circuit. In United States v. Monsanto, 491 U.S. 600 (1989), the district court restrained, under 21 U.S.C. § 853, a defendant from disposing of his house, his apartment and $35,000 in cash prior to trial. The Supreme Court upheld the pre-trial restraint, noting that "it would be odd to conclude that the Government may not restrain property such as the home and apartment in respondent's possession, based on a finding of probable cause, when we have held that . . . , the Government may restrain persons where there is a finding of probable cause to believe that the accused has committed a serious offense." *Id.*, at 615-16.

In the same year as the Monsanto decision, the Eleventh Circuit recognized the right of the United States to seek pre-trial restraint of forfeitable assets:

> To preserve forfeitable assets for a possible conviction, the district court may restrain the defendant from using . . . assets before trial. The restraints may be imposed by way of a restraining order, an injunction, the execution of a performance bond, or a temporary seizure of certain assets which, because of their liquidity, can be readily transferred or hidden.

United States v. Bissell, 866 F. 2d 1343, 1349 (11th Cir.), *cert. denied* 493 U.S. 876 (1980).

3. Section 853(e)(2) empowers the Court to enter *ex parte* pre-indictment temporary restraining orders when two prerequisites are satisfied: (1) there is probable cause to believe the property the United States seeks to restrain would, upon conviction, be subject to forfeiture; and (2) prior notice to the subjects or those with custody of the property will jeopardize the availability of the property for forfeiture. Both of these requirements are satisfied in the present case.

4. Title 21 U.S.C. § 853(a)(2) provides that a person convicted of a violation of 21 U.S.C. § 841 shall forfeit to the United States "any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation..." The term "property" is defined to include "tangible and intangible personal property, including rights, privileges, interests, claims, and securities." 21 U.S.C. § 853(b)(2).

5. Title 21 U.S.C. § 841(a)(1) provides that "it shall be unlawful for any person to knowingly or intentionally ... manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance..."

6. Probable cause to believe the subject property would,

in the event of conviction, be subject to forfeiture under 21 U.S.C. § 853(a)(2) is established by the facts set forth in the affidavit of Food and Drug Administration Special Agent Jason Simonian, attached hereto and incorporated herein by reference.

7. As set forth in the attached affidavit, Kenneth Peckham is the President and resident agent of the business known as Ocean State Fitness Incorporated (a/k/a R.I. Fitness) d/b/a Powerhouse Gym, located at 3751 Mendon Road, Cumberland, Rhode Island, which he used to manufacture and distribute anabolic steroids, schedule III controlled substances.

8. Prior notice of the restraining order will jeopardize the availability of the property as Kenneth Peckham has a history of putting property he owns in the names of others and concealing his ownership interest in the same and Peckham could sell the business or the assets of the business such as the gym equipment which the government seeks to restrain.

9. The temporary restraining order will expire after 10 days without further review by this Court or the consent of Kenneth Peckham, the owner of the property. Within 10 days of the entry of the temporary restraining order sought by this application, if an indictment has not yet been returned, the United States shall either file an application for a 90-day

pre-indictment restraining order, pursuant to 21 U.S.C. § 853(e)(1)(B), or secure the consent of Kenneth Peckham to an extension of the temporary restraining order until after the indictment is returned.

WHEREFORE, the Government respectfully requests this Court to enter a temporary restraining order instructing Kenneth Peckham, his agents, servants, employees, attorneys, family members, those persons having any interest or control over the business known as Ocean State Fitness Incorporated (a/k/a R.I. Fitness) d/b/a Powerhouse Gym, 3751 Mendon Road, Cumberland, Rhode Island and those in active concert or participation with Peckham, that they shall not, without approval of this Court upon notice to the United States and an opportunity for the United States to be heard:

a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of, in any manner, directly or indirectly;

b) cause to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

c) take, or cause to be taken, any action which could have the effect of concealing or moving from the jurisdiction of this Court, or that would have the effect of depreciating, damaging or in any way diminishing the value of the business known as Ocean State Fitness Incorporated (a/k/a R.I. Fitness) d/b/a Powerhouse Gym, 3751 Mendon Road, Cumberland, Rhode Island, including any of its assets and inventory.

The United States further requests this Court to enter an order requiring that all revenues of the corporation or entity described above be deposited into existing financial institution accounts of said corporation or entity and that funds drawn from said accounts only be used to pay expenses incurred in the "ordinary course of business" which is defined as follows:

> expenditures and transactions made directly in bona fide arm's length transactions as part of the regularly conducted business; (i) purchase and/or necessary use of supplies and equipment; (ii) payment of accounts payable, including but not limited to, those relating to rent, mortgage, insurance premiums, license fees, utilities, and taxes; (iii) payment of reasonable and necessary employee salaries; and (iv) payment of the normal and necessary upkeep and/or maintenance of any real property, equipment, and furnishings and fixtures necessary for regularly conducted business operations.

The United States further requests this Court to enter an order requiring that all of the transactions described above be recorded in accordance with generally accepted accounting principles evidenced by cash register slips, sales receipt journal(s), bank deposits, numerical invoices and order forms, disbursements, journals, checks, computer printouts, inventory lists, and any other ordinary business records.

The United States further requests this Court to direct the United States Marshal or other federal officer to serve a

copy of the temporary restraining order on Kenneth Peckham, and any other person with an interest in the subject property.

Respectfully submitted,

UNITED STATES OF AMERICA

By its attorneys,

ROBERT CLARK CORRENTE
United States Attorney

LUIS M. MATOS
Assistant U.S. Attorney

MICHAEL P. IANNOTTI
Assistant U.S. Attorney