IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| In Re Ocean State Fitness Incorporated d/b/a Powerhouse Gym, 3751 Mendon Road, Cumberland, Rhode Island | ) ) ) ) | Misc. No. |

**TEMPORARY RESTRAINING ORDER**

The United States has made an *ex parte* application before this Court, pursuant to 21 U.S.C. § 853(e)(2), for a temporary restraining order to preserve the availability of the business known as Ocean State Fitness Incorporated (a/k/a R.I. Fitness) d/b/a Powerhouse Gym, 3751 Mendon Road, Cumberland, Rhode Island, that is currently or potentially subject to forfeiture to the United States;

Upon consideration of the Government's application and the evidence set forth in the affidavit of Food and Drug Administration Special Agent Jason Simonian, this Court makes the following findings:

1. Pursuant to 21 U.S.C. § 853(e)(1), this Court is authorized to enter a restraining order or injunction, require the execution of a satisfactory performance bond, or take any other action to preserve the availability of property subject to forfeiture.

2. Pursuant to 21 U.S.C. § 853(e)(2), this Court may enter an *ex parte* ten-day temporary restraining order if the

United States demonstrates probable cause to believe the property with respect to which the order is sought would, in the event of conviction, be subject to forfeiture and that provision of notice will jeopardize the availability of the property for forfeiture.

3. There is probable cause to believe the business known as Ocean State Fitness Incorporated (a/k/a R.I. Fitness) d/b/a Powerhouse Gym, 3751 Mendon Road, Cumberland, Rhode Island, was used by Kenneth Peckham to manufacture and distribute steroids in violation of 21 U.S.C. § 841(a)(1) and, therefore, would, in the event of conviction, be subject to forfeiture to the United States pursuant to 21 U.S.C. § 853(a)(2).

4. Provisions of notice of the Government's request for this restraining order to the owner of the subject property will jeopardize the availability of the property for forfeiture.

ACCORDINGLY, IT IS ORDERED, ADJUDGED, AND DECREED, that Kenneth Peckham, individually, and as an officer and/or beneficial owner of Ocean State Fitness Incorporated (a/k/a R.I. Fitness) d/b/a Powerhouse Gym, located at 3751 Mendon Road, Cumberland, Rhode Island, his agents, servants, employees, attorneys, family members, those persons having any interest or control over the business known as Ocean State

Fitness Incorporated (a/k/a R.I. Fitness) d/b/a Powerhouse Gym, located at 3751 Mendon Road, Cumberland, Rhode Island, and those in active concert or participation with Kenneth Peckham, shall not, without approval of this Court upon notice to the United States and an opportunity for the United States to be heard:

a) alienate, dissipate, transfer, sell, assign, lease, pledge, encumber, or dispose of, in any manner, directly or indirectly;

b) cause to be alienated, dissipated, transferred, sold, assigned, leased, pledged, encumbered, or disposed of in any manner; or

c) take, or cause to be taken, any action which could have the effect of concealing or moving from the jurisdiction of this Court, or that would have the effect of depreciating, damaging or in any way diminishing the value of the business known as Ocean State Fitness Incorporated (a/k/a R.I. Fitness) d/b/a Powerhouse Gym, 3751 Mendon Road, Cumberland, Rhode Island, including any of its assets and inventory.

IT IS FURTHER ORDERED that all revenues of the corporation or entity described above shall be deposited into existing financial institution accounts of said corporation or entity and funds drawn from said accounts shall only be used to pay expenses incurred in the "ordinary course of business" which is defined as follows:

expenditures and transactions made directly in bona fide arm's length transactions as part of the

> regularly conducted business; (i) purchase and/or necessary use of supplies and equipment; (ii) payment of accounts payable, including but not limited to, those relating to rent, mortgage, insurance premiums, license fees, utilities, and taxes; (iii) payment of reasonable and necessary employee salaries; and (iv) payment of the normal and necessary upkeep and/or maintenance of any real property, equipment, and furnishings and fixtures necessary for regularly conducted business operations.

IT IS FURTHER ORDERED that all of the transactions described above shall be recorded in accordance with generally accepted accounting principles and shall be evidenced by cash register slips, sales receipt journal(s), bank deposits, numerical invoices and order forms, disbursements, journals, checks, computer printouts, inventory lists, and any other ordinary business records.

IT IS FURTHER ORDERED that the United States Marshal or other federal officer shall serve a copy of this temporary restraining order forthwith upon Kenneth Peckham, and any other persons with an interest in the above-described property, and make a return thereof to this Court.

IT IS FURTHER ORDERED that this temporary restraining order shall expire within ten days from the date of its entry, unless extended for good cause shown or unless the party(ies) against whom it is entered consent(s) to an extension for a longer period.

IT IS FURTHER ORDERED that in the event a hearing is requested concerning this temporary restraining order or its conversion to a ninety-day restraining order under 21 U.S.C. § 853(e)(1)(B), said hearing shall be held on July 8, 2005 at 11:00 AM .

BY ORDER:

Barbara Barletta

ENTER:

Mary M. Lisi
UNITED STATES DISTRICT JUDGE
6/28/05